FILED
CLERKS OFFICE
'05 AUG -9 A 11:
DISTRICT

UNITED STAES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ATTACHMENT 1

IHEANYI D. OKOROAFOR
PLAINTIFF

CIVIL ACTION
NO. 05-30184-KPN

VS.

DEPARTMENT OF MENTAL HEALTH AND
BRIAN DEVIN PERSONALLY

COMPLAINT

Parties

1. The Plaintiff is a resident of Hampshire County, Massachusetts and a citizen of the United States.
2. The Defendant, Elaine Hill is a resident of Worcester County, Massachusetts and a citizen of the United States.
3. The defendant, Brian Devin is a resident of Somerville County, Massachusetts and a citizen of the United States.

Jurisdiction

4. This court has jurisdiction over this matter pursuant to 28 U.S.C. ss1332.

5. On August 27, 2004, I was treated as a common criminal by my immediate supervisor, Richard Breault, with the support of Elaine Hill, Area Director for Central Massachusetts Department of Mental Health when he handed a letter of disciplinary action taken against me with out any specified charge.

6. The disciplinary letter stated that I was being placed on Administrative leave with pay with immediate effect because a print-out bearing my name, which was picked up by another worker and reported the matter to Richard Breault and with out any questions asked, that very day the disciplinary action was imposed on me. (See Exhibit 1).
7. Prior to this incident, there was in impending grievance, which I filed against Elaine Hill and Richard because of arbitrary disciplinary action taken against me in the way of a "written warning" issued in the same manner as the foregoing matter, which was not addressed before the present case. (See exhibit 2).

8. Department of Mental Health's refusal to comply with the Attorney General's order over request by an Attorney for his/her client's records for the purpose of helping a client in the process of investigation is an indication that the Department did not want the investigation to follow the proper procedure, hence it took its usual arbitrary measure of victimization and intimidation. (See Exhibit 3, Attorney Kevin Kliester's request letter)

9. The arbitrary measure taken against me in changing the "Administrative leave with pay" to "Administrative pay without pay" is an evidence of how far the Administration can go in her effort to disregard my rights. (See Exhibit 4)

10. On the said August 27, 2004, after Richard had served me with the disciplinary letter, he proceeded with asking me to leave the premises immediately and barring my door and asking me to leave while he stands by my office door thereby denying me some privacy. While he did that, Ann Scott, Deputy Area Director sat at Richard Breault's office across from my office watching what was going on as a witness. As a result of Richard's behavior towards me, I could not leave any message on my voice mail informing people that I was away on extended vacation because that day was my last day of work before my vacation.

11. On October 6, 2004, when I came back to work. I found out that the lock to my office door had been changed and when I went to find out from the Area Director, Elaine Hill what was going on, I discovered that the executive committee was meeting, probably on matters affecting me. I was advised to come back at a certain time but when I did was told that my "Administrative leave with pay had been changed to "Administrative leave without pay" and that I should leave the premises immediately, otherwise the police would conduct me out of the premises. With such a threat, I decided to leave in order to avoid a possible confrontation. When I got back to Western Massachusetts on October 6, 2004, I reactivated the complaint I filed with Massachusetts Commission Against Discrimination, (MCAD) and included some developments that had occurred since the filing. (See Exhibit 5)

12. Following my complaint to my Trade Union, (NAGE), my Union filed grievance on my behalf, a second one and while we were waiting a date for a hearing, my Union Representative, Dan Messia called me and informed me of a meeting that was scheduled for October 21, 2004 at 600 Washington Street, Boston. When I inquired about what the purpose of the meeting was, I was told that it was for the Dept. of Mental Health to tell me what my charge was since no charge had been given prior to that time. Contrary to that purpose, what I experienced in the so-called meeting was horrible. Despite the fact that my accusers were not available to present their case yet I was subjected to all kind of torture, harassment, intimidation and victimization by Brian Devin, Director of Labor Relations aimed at forcing me to resign. Mr. Devin was supposed to be the Hearing officer to look into the case but what I observed was that he was the one acting as the

prosecuting officer. As I arrived at the meeting I found out that he had briefed my Union Representative on what the agenda of the meeting was about, and asked him to bring to my attention the proposal that the Dept of Mental Health had come up with, which was that I resign in order to avoid possible termination and prosecution. As soon as I arrived at Mr. Devin's office, he asked Mr. Dan Messia to brief me on the proposal of the Dept. of Mental Health regarding the matter, "email print-out". At hearing the proposal relayed to me by Dan Messia, I was shocked and in disbelief at what I was hearing from my Union Rep. who was aware that the Department had denied me "due process" twice. First, I asked Mr. Devin about the status of the previous grievance I filed against the Department of Mental Health before the current issue, he minimized the importance of that one and claimed that this matter is a more serious case. When Mr. Devin came back and asked what my response to the proposal was, I stated that the proposal was unconscionable and out of line with Labor Relations guideline. In the first place the matter did not go through the proper chain of command, the first step, which should have gone through Mr. Peter Schur, at Area level before reaching Mr. Devin at State level, (Step II). After putting me through mental and emotional torture aimed at intimidating me into succumbing to his intimidation tactics and failing to realize that, he categorically stated that when the matter comes up for hearing that he would be the hearing officer and that he was not going to buy the "Conspiracy theory" that I was alluding to. The reason he was not going to see with me was that he had known Elaine Hill, Area Director for a long time. When I asserted that the God I serve would vindicate me, he mocked me by saying that maybe that my God must have sent them (Dan and himself) to help me out. He further stated that he has learned that neither Western Mass. Area nor Central Mass. Area of DMH would want me back and that the only Area left for me was Boston, which according to him would mean long commute which he felt I would not be interested in that as a choice. At that point I realized that Mr. Devin has declared his vested interest in the matter. At that meeting Mr. Devin admitted that he instructed Central Mass. Administration to order me out of the premises and to place me on Administrative leave without any formal charge, after I alleged illegal acts committed against me by the Department of Mental Health on August 27, 2004 incidence.

13. When I received a letter informing me that there was going to be a Step II hearing on the matter and that Mr. Devin who has already expressed to me what he would do when the case comes before him for a hearing was going to be the hearing officer, I protested by requesting the representation of a lawyer, which was denied. To make matters worse, my Union sent a Representative who did not know anything about the case after I had made my stand known to the Union, that I was not going to appear before somebody who had had already made his intentions known to me previously. All along my concerns had never been given any consideration and hence Mr. Devin went ahead conducted what he called a hearing in my absence and of course the outcome was what he had all along threatened to do without regard for proper procedure. (See Exhibit 6)

14. Mr. Devin has performed acts that amount to "Obstruction of justice" in the eyes of the Law when he influenced MCAD investigator to dismiss my complaint with the Commission by communicating to her that I had been terminated even before recommending this disciplinary action officially, hence the Investigator dismissed the case without any show-cause proceeding but indicated the cause of dismissal to be "Termination". My experience in this matter is that the various State Departments that I reported to about the violation of my Civil Rights seem to have collaborated with Brian Devin who has taken the matter personally as a crusade. (See Exhibit 7 )

15. Another grievance was filed following Mr. Devin's recommendation, which Elaine Hill, Area Director accepted and confirmed. No response was had from the Department of Mental Health until when my biweekly pay suddenly stopped and I called the Human Resources office to find out why I did not receive any pay for that pay-period and was referred to Boston for explanation. When I called Boston and left a message, I received a letter two days after indicating that they had overpaid me. (See Exhibit 8). On receiving this letter, I called my Union inquiring from them whether they were aware of the action taken against me and they indicated that they were unaware of that and asked me to fax a copy of the letter to them, which I did.

16. Again, the Union followed up on my complaint about the injustice of stopping payment before the grievance hearing on "Arbitrary Termination" and was given a date for a hearing in Boston, which was for June 2, 2005. I did go to that meeting and seeing that my accusers were not present, I indicated that I needed an Attorney representation. Again the Hearing panel objected to my request and wanted to force me into going ahead with the hearing, which I refused. At that point, the Union Representative asked to separate himself from the meeting. When I got home that day; I put my request in writing and mailed it to Mr. Hale, the supposed hearing officer from whom I have not heard anything till date. (See Exhibit 9).

17. When I received a letter dated June , from Human Resources of the Dept. of Mental Health advising me on my right to apply for the Unemployment Insurance program which I did, Mr. Devin contested the application. I have filed a petition with the program and a hearing has been scheduled. Mr. Devin's effort to strangulate me financially by virtue of the authority he exercises over me is evidenced in his challenge of my eligibility to unemployment compensation.

18. Based on the fact that a decision to terminate my appointment by the Central Mass. Dept. of Mental Health was premeditated which is evidenced in the attitude of denying me "due process" in cases built against me by the Administration, their refusal to release necessary documents that would help in my defense of their charge against me and the ultimate violation of all my human rights by way of alienating me from the rest of the Central Mass. Dept. of

Mental Health Area work-force. I was treated like a stranger in the allocation of benefits, for example, my pay came from Western Mass. account while I worked for Central Mass. Department of Mental Health and that subjected me to the confusion of not knowing where I belong. Nobody was willing to answer my questions regarding such embarrassing experiences. On occasions that I had wanted to check my file at the Human Resources Area office in Worcester, my work-site, I could not do that because my records were not there. The blatant manipulation of the system by Brian Devin to build a case against me in the way of distorting the truth, by slander and by marginalizing my position shows how far Mr. Devin abused his power in order to carry out his mission. The Dept. of Mental Health in general has over the years violated my fundamental Human Rights, compromised my Privacy Rights, discriminated against me and did expose me to unnecessary dangers and oppression from which I should have been protected but refused to do so. (See Exhibit 10).

19. Because of the deliberate, continuous oppressive, hostile, discriminatory and unprofessional attitude exhibited by DMH in the way I was treated by the Department of Mental Health over the years, throughout the entire period I have worked for the Department, which is about seventeen years, I hereby seek the following relief:

    A. Restore me to my position with all the benefits and retroactive payments;
    B. Compensate me for the emotional and psychological scars my family and I have suffered as a result of the numerous illegal actions performed against me by the Department of Mental Health and
    C. Reprimand the official, Mr. Brian Devin who arbitrarily abused the power his office exercises in the way of obstructing and manipulating of justice.

20. Wherefore I, Iheanyi D. Okoroafor, the Plaintiff demand judgment against the defendants for damages and such other relief as this Court deems just.

21. This Plaintiff demands a trial by a jury.

Signature [signature] 8/9/05

Name: Iheanyi D. Okoroafor

Address: 58 North Prospect Street,
Amherst, MA 01002
Telephone: (413) 256 4176 or
(413) 695 6278

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** IHEANYI D. OKOROAFOR

**DEFENDANTS** Elaine Hill, 305 Belmont St, Worc; Brian Devin, 600 Washington St, Boston, MA

(b) County of Residence of First Listed Plaintiff HAMPSHIRE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☐ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☒ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):

Brief description of cause: MCAD did no investigation to my complaint before dismissing the case even after my protest.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 DEMAND $ CHECK YES only if demanded in complaint: JURY DEMAND: ☐ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) Ifeanyi D. Okoroafor v. Dept. of Mental Health and Brian Devin personally

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

| | | |
|---|---|---|
| I. | 160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT. | |
| II. | 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950. | *Also complete AO 120 or AO 121 for patent, trademark or copyright cases |
| III. | 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891. | |
| IV. | 220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900. | |
| V. | 150, 152, 153. | |

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

YES NO X

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

YES X NO

If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

YES NO X

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

YES NO

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

YES X NO

A. If yes, in which division do all of the non-governmental parties reside?

Eastern Division X Central Division Western Division

B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

Eastern Division Central Division Western Division

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

YES NO

(PLEASE TYPE OR PRINT) IDOKoroafor 8/9/05
ATTORNEY'S NAME
ADDRESS 58 North Prospect St., Amherst, MA.
TELEPHONE NO. (413) 256 4176, (413) 695 6278

(CategoryForm.wpd - 5/2/05)