UNITED STATES DISTRICT COURT
WESTERN DISTRICT

CIVIL ACTION NO. 05-30184-KPN

| | |
|---|---|
| IHEANYI D. OKOROAFOR, | ) |
| Plaintiff, | ) |
| v. | ) |
| DEPARTMENT OF MENTAL HEALTH AND BRIAN DEVIN PERSONALLY | ) |
| Defendants. | ) |

**DEFENDANTS' MOTION TO DISMISS**

The Attorney General, on behalf of defendants Massachusetts Department of Mental Health and Brian Devin, submits this motion to dismiss.

Plaintiff, Iheanyi D. Okoroafor, has filed this action in a vaguely apparent attempt to obtain redress for some sort of employment grievance with the Massachusetts Department of Health.[1] The complaint should be dismissed in its entirety for all the reasons discussed below.[2]

**<u>ARGUMENT</u>**

**I.     The Complaint Should Be Dismissed Because It Fails To Contain A Short And Plain Statement Of The Facts And Claims And Because Its Allegations Are So Vague And Ambiguous That The Defendants Are Unable To Frame A Responsive Pleading**

---

[1] The Complaint purports to attach many exhibits, but none were attached to the complaint served on the defendants and it appears from the Court docket that none were attached to the complaint that was filed with the Court.

[2] There may be additional grounds to dismiss the complaint but the current ambiguous and confusing pleadings do not indicate precisely what defenses are available. The defendants therefore reserve the right to raise such defenses in the future, if and when that becomes necessary.

Although a court should liberally construe a complaint filed by a *pro se* litigant, a *pro se* litigant must still allege facts that establish all the elements of a legal claim. Chongris v. Board of Appeals of the Town of Andover, 811 F.2d 36, 37 (1st Cir. 1987). The plaintiff must set forth the specific facts underlying the alleged causes of action and the legal theories of recovery. Overton v. Torruella, 183 F. Supp. 2d 295, 307 (D. Mass. 2001).

Here, even when viewed under the most lenient standard of review, the plaintiff's Complaint fails to fulfill the most basic requirements of pleading. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the claim, and Rule 8(e)(1) requires "[e]ach averment of a pleading [to be] simple, concise and direct."

In addition, dismissal is warranted under Rule 12(e) if the pleadings are so vague and ambiguous as to deprive the opponent of reasonable opportunity to "frame a responsive pleading." More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). Further, a "district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement." Keuhl v. Federal Deposit Insurance Corp., 8 F.3d 905, 908 (1993) (citations omitted) (affirming dismissal for failure to comply with Rule 8(a)(2)); accord Newman v. Massachusetts, 113 F.R.D. 341 (D. Mass. 1987); Green v. Massachusetts, 108 F.R.D. 217 (D. Mass. 1985); Cranney v. Trustees of Boston Univ., 139 F. Supp. 130 (D. Mass. 1956). A *pro se* complaint that fails to meet this requirement may also be appropriately dismissed. Dutkiewicz v. Urban Mass Transportation Admin., 88 F.R.D. 85 (D. Mass. 1980) (dismissing *pro se* complaint because did not serve as a short and plain statement); Overton, 183 F. Supp. 2d at 305-07.

Here, the Complaint fails specifically to identify plain and essential facts, such as any

specific wrongful conduct, how the plaintiff's rights were violated, and the specific legal harms suffered by the plaintiff.  Id.  The Complaint does not even specifically assert any legal claims or how such claims apply to the facts in this case.  Based on the information contained in the Complaint, it is impossible for the defendants to determine what action or inaction they allegedly wrongfully performed and what legal causes of action are consequently at issue.  In this situation, the Complaint clearly fails to fulfill the most basic requirements of Rules 8 and 12, and dismissal is warranted.

## CONCLUSION

For the all of the above independently sufficient reasons, the defendants request that this Court dismiss the plaintiff's complaint in its entirety and award all other relief that this Court deems just and necessary.

**COMMONWEALTH DEFENDANTS,
THOMAS F. REILLY
ATTORNEY GENERAL**

By: /s/ Timothy M. Jones
Timothy M. Jones
Assistant Attorney General
Western Massachusetts Division
1350 Main Street, 4th Floor
Springfield, MA 01103
(413)784-1240 ext. 105
(413)784-1244 - Fax
BBO#618656

CERTIFICATE OF SERVICE
I, Timothy M. Jones, hereby certify that on October 12, 2005, I served a copy of the foregoing **DEFENDANTS' MOTION TO DISMISS** by First-Class Mail, postage prepaid, on the following parties of record:
Iheanyi D. Okoroafor, 58 North Prospect St., Amherst, MA 01002

By:   /s/ Timothy M. Jones
Timothy M. Jones