UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 05-30184-KPN

| | |
|---|---|
| IHEANYI D. OKOROAFOR, <br> Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| DEPARTMENT OFMENTAL HEALTH AND <br> BRIAN DEVIN PERSONALLY <br> Defendant | ) <br> ) <br> ) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Now comes the Plaintiff, Iheanyi D. Okoroafor, by his undersigned attorney, and herein submits this opposition to Defendant Department of Mental Health's Motion to Dismiss. In specific support hereof, the Plaintiff directs the Court specifically to Plaintiff's Motion to Amend his Complaint against the Defendant, Commonwealth of Massachusetts, Department of Mental Health and supporting Plaintiff's Affidavit, all filed herewith.

I. **The Complaint [Amended] should not be dismissed because it contains a short and plain statement of the facts and claims and because the allegations are clearly set forth in order to allow the Defendant to frame a responsive pleading**

The Plaintiff's Amended Verified Complaint presented to the Court contains a short and plain statement of the claim, and satisfies Rule 8(e)(1) requirements that "[e]ach averment of a pleading be simple, concise and direct." All pleadings shall be so construed as to do substantial justice. See Rule8(f). Great care was taken in the Amended Verified Complaint to ensure that one unfamiliar with the events in issue would be able to easily follow the chronological and factual averments of the pleading presented in support of the allegations within the Plaintiff's separate causes of action.

**II.    Judical discretion should allow reasonable latitude to pro se litigants to allow them to conform to the rules of practice before the Court and present their legitimate claims before the court for determination**

The procedural history of this action clearly presents a pro se litigant experiencing difficulty structuring his action in a the format of a short and plain statement of the facts and claims in order to allow the Defenants to frame a responsive pleading. However, once counsel was able to review the relevant documentation and discern the chronological events and facts, the form of the Complaint as amended was able to flow into a logical and sensible plain statement of the facts and claims suitable for response by the Defendants and for presentation to the Court.

In this action, the Plaintiff took all measures within his power, including securing the services of counsel, in order to respect the rules and procedure of the Court and to further the pursuit of a just determination of his claims. See Plaintiff's attached Affidavit.

**CONCLUSION:**

With the allowance of the Plaintiff's Motion to Amend his Complaint, the Defendant, Commonwealth of Massachusetts, Department of Mental Health (the sole Defendant in the Amended Verified Complaint), cannot now claim that the Complaint fails to specifically identify plain and essential facts, such as any specific wrongful conduct, how the Plaintiff's rights were violated, and the specific legal harms suffered by the Plaintiff. The Amended Verified Complaint now clearly fulfills the requirements of Rules 8 and 12, dismissal is not warranted and the case should be allowed to proceed.

THE PLAINTIFF,
IHEANYI D. OKOROAFOR,
BY HIS ATTORNEY

DATE: January 31, 2006

_____
Charles J. Sclafani, Jr.
BBO# 550411

JOHNSON & SCLAFANI
776 Westfield Street
West Springfield, MA  01089
(413) 732-8356

CERTIFICATE OF SERVICE

I, Charles J. Sclafani, Jr., attorney for the Plaintiff, Iheanyi D. Okoroafor, hereby certify that on this 31st day of January 2006, I served a copy of the foregoing *Plaintiff's Opposition to Defendants' Motion to Dismiss, Affidavit of Iheanyi D. Okoroafor In Support of Plaintiff's Opposition to Defendants' Motion to Dismiss and Plaintiff's Motion To Allow Entry of His Amended Complaint, Plaintiff's Amended Verified Complaint and Demand for Jury Trial* by electronic filing to all parties of record.

_____
Charles J. Sclafani, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30184-KPN

IHEANYI D. OKOROAFOR, )
      Plaintiff )
)
v. )
)
DEPARTMENT OF MENTAL HEALTH, )
BRAIN DEVIN )
      Defendants )

### AFFIDAVIT OF IHEANYI D. OKOROAFOR IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION TO ALLOW ENTRY OF HIS AMENDED COMPLAINT

Now comes the affiant, under oath, and after being duly sworn, hereby deposes and states as follows:

1. I, Iheanyi D. Okoroafor, am the Plaintiff named in regard to the above-referenced action;

2. I have personal knowledge of the essential facts in dispute in regard to the above-entitled action;

3. On or about August 9, 2005, I filed this action, pro se, without the assistance of counsel and to the best of my ability;

4. Since the date of the filing of the Complaint, the Defendants named in my Complaint, Department of Mental Health and Brian Devin, by their counsel, have filed a Motion to Dismiss, which Motion was allowed in November 2005;

5. In response to this development, I wrote to the Court expressing my objection to the allowance of Defendant's Motion, which resulted in the Court granting my request for reconsideration;

6. I understand that my request for reconsideration on Defendants' Motion to Dismiss is still pending, requiring my opposition by January 31, 2006;

7. In reaction to these developments, I began to realize I urgently required assistance of counsel to prepare and properly present my case;

8. In December of 2005, I retained the services of Johnson & Sclafani, 776 Westfield Street, West Springfield, Massachusetts to represent my interests in this action;

10. I understand that on advice of my counsel, that together with my opposition to Defendants Motion to Dismiss, I will file an Amended Complaint and Motion to allow the allowance of the same;

11. I understand that the purpose of my Amended Complaint is to address and remedy the Defendant's concerns that I did not provide a short and plain statement of the facts and claims or that my allegations were so vague and ambiguous that Defendants were unable to frame a responsive pleading; and

12. Although I attempted to appropriately set forth the essential facts of my action in the pro se Complaint I filed in August of 2005, my Amended Complaint presents the court with a much sharper chronological course of the events and facts that comprise the elements of my legal claims.

Signed under the pains and penalties of perjury, this 31st day of January 2006.

_____                    _____
WITNESS                                       IHEANYI D. OKOROAFOR