UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30184-KPN

| | |
|---|---|
| IHEANYI D. OKOROAFOR,<br>  Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| COMMONWEALTH OF MASSACHUSETTS,<br>DEPARTMENT OF MENTAL HEALTH<br>  Defendant | )<br>)<br>) |

### PLAINTIFF'S MOTION TO AMEND COMPLAINT
### AND DEMAND FOR JURY TRIAL

Now comes the Plaintiff, Iheanyi D. Okoroafor, by his undersigned attorney, and herein requests that this Court grant Plaintiff's Motion to allow entry of the Plaintiff's Amended Complaint against the Defendant, Department of Mental Health (DMH), agency of the Commonwealth of Massachusetts as duly designated as the Massachusetts State Mental Health Authority.

Federal Rule of Civil Procedure, Rule 15(a) states that a party may amend the party's pleading . . . by leave of court . . .; and leave shall be freely given when justice so requires. In this action, the Plaintiff filed this action, pro se, on August 9, 2005. Subsequently, the Defendants named in the action, filed a Motion to Dismiss based on pleading issues (See Defendants' Motion to Dismiss and Plaintiff's Opposition to Defendant's Motion to Dismiss). As a result, the Plaintiff retained the services of the undersigned attorney to review his pleadings and any issues relevant thereto. In response to the same, the Court is herewith presented with

Plaintiff's Amended Complaint, which is intended to remedy any pleading issues and thereby allow this action to proceed on its merits.

A court must take special care when ruling on pleadings filed by pro se litigants as they are held to less stringent standards than those drafted by lawyers. *See* Gonyer v. McDonald, 874 F.Supp. 464, 466 (D.Mass.1995). When a court looks at the allegations in a pro se litigant's complaint and, "under any theory they are sufficient to state a cause of action in accordance with law, a motion to dismiss the complaint must be denied." *Id.* (quoting Knight v. Mills, 836 F.2d 659, 664 (1st Cir.1987)). This standard requires the court to be especially indulgent in accepting the truth of the factual assertions of the complaint and to consider every inference helpful to a plaintiff's cause. *Id.; see also* Prou v. United States, 199 F.3d 37, 42 (1st Cir.1999).

The Plaintiff has attached his Amended Verified Complaint and Demand for Jury Trial hereto.

1/31/06

THE PLAINTIFF,
IHEANYI D. OKOROAFOR,
BY HIS ATTORNEY

_____
Charles J. Sclafani, Jr.
BBO# 550411

JOHNSON & SCLAFANI
776 Westfield Street
West Springfield, MA  01089
(413) 732-8356

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-30184-KPN

| | |
|---|---|
| IHEANYI D. OKOROAFOR, <br>         Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| COMMONWEALTH OF MASSACHUSETTS, <br> DEPARTMENT OF MENTAL HEALTH <br>         Defendant | ) <br> ) <br> ) |

**PLAINTIFF'S AMENDED VERIFIED COMPLAINT
AND DEMAND FOR JURY TRIAL**

THE PARTIES

1. The Plaintiff, Iheanyi D. Okoroafor, is an individual currently residing at 58 North Prospect Street, Amherst, Hampshire County, Massachusetts 01002.

2. The Defendant, Department of Mental Health (DMH), is an agency of the Commonwealth of Massachusetts duly designated as the Massachusetts State Mental Health Authority. The Department's enabling statute is M.G.L. Chapter 19 and its operating statute is M.G.L. Chapter 123.

3. This Court has jurisdiction in this action.

THE FACTS

4. DMH is established to set the standards for the operation of mental health facilities and community residential programs and provides clinical, rehabilitative and supportive

services for adults with serious mental illness, and children and adolescents with serious mental illness or serious emotional disturbance.

5. At all times material hereto, the Plaintiff, Iheanyi D. Okoroafor was employed as a Child/Adolescent Eligibility and Chapter 688 Coordinator in the Department of Mental Health's Massachusetts Area Offices.

6. As an employee of the Department of Mental Health, the Plaintiff conducted himself in a satisfactory manner to assure and provide access to services and support to meet the mental health needs of individuals of various ages, enabling them to live, work and participate in their communities.

7. From on or about July 1988 to on or about February 1990, the Plaintiff was hired and employed as an entry level mental health employee, working with various clients providing them access to services and support to meet their mental health needs in their communities. At that time, the Plaintiff was working out of the Holyoke Department of Mental Health office.

8. On or about February 1990, the Plaintiff was promoted to Case Manager I. His new duties came with increased compensation and greater responsibilities in facilitating plan services of clients and coordinating their activities in individual service plans. At that time, the Plaintiff was working out of the Northampton Department of Mental Health office.

9. On or about March 1991, the Plaintiff was promoted to Case Manager II, which position came with greater compensation and greater responsibilities in facilitating plan services of clients and coordinating their activities in individual service plans. At that time, the Plaintiff was continuing to work out of the Northampton Department of Mental Health. Office.

10. On or about 1996, the Plaintiff filed union grievances with the assistance of local 509 against the DMH for being past over for promotion to Case Manager III.

11.     On or about the same time referenced in paragraph ten herein, the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) for racial discrimination in being past over for promotion to Case Manager III.

12.     On or about 1998, and as a consequence of the actions taken by the Plaintiff as referenced in paragraphs 10 and 11 herein, the Plaintiff ultimately reached settlement with DMH and was promoted to Case Manager III.

13.     Plaintiff accepted the settlement and promotion to Case Manager III offered by DHM and began this new position as Case Manager III in the Northampton, Massachusetts's office.

14.     At all times material to the events referenced in paragraphs 10 through 13 herein, the Plaintiff worked closely with the Equal Employment Opportunity Commission, who conducted extensive investigations into the substance of the Plaintiff's allegations and were instrumental in providing support for said allegations as presented by the Plaintiff in his union grievance and MCAD complaint.

15.     On or about March of 2000, the Plaintiff was unjustly past over for promotion to Program Coordinator III.

16.     On or about 2001 the Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) for racial discrimination in being past over for promotion to Program Coordinator III.

17.     On or about April 1, 2002, and as a consequence of the actions taken by the Plaintiff as referenced in paragraph 16 herein, the Plaintiff ultimately reached settlement with DMH and was promoted to Program Coordinator III.  However, the Plaintiff was instructed by

3

DMH that this promotion was only available to him at the DMH location at the Worcester State Hospital, which is located at 305 Belmont Street in Worcester, Massachusetts.

18. As a result of Plaintiff's promotion to Program Coordinator III at the DMH location at the Worcester State Hospital, the Plaintiff commuted from Amherst, Massachusetts to Worcester, Massachusetts, (56 miles each way), every weekday, and incurred un-reimbursed expenses for more that one hour of travel each way, including gasoline and tolls.

19. On or about February 2003, the Plaintiff suffered a non-work related injury to his back, requiring medical care for low back pain. As a result, and pursuant to doctor's orders, the Plaintiff requested that DMH allow him to work out of an office of DMH closer to his home. In this regard, Plaintiff's Doctor, Richard J. Rubin's, forwarded a letter to DMH dated November 24, 2003.

20. Plaintiff repeatedly spoke to Ms. Elaine Hill, Area Director for Central Massachusetts DMH regarding this request for relocation to an office of DMH closer to his home. Not only at no time did Ms. Hill offer such an option, but she became thereafter openly hostile with the Plaintiff on this issue and on future interactions with the Plaintiff.

21. On or about April 2004, the Plaintiff received a written warning issued without merit, causing an unjustified negative performance issue on Plaintiff's record.

22. On or about May 8, 2004, the Plaintiff filed and delivered a detailed response to Area Director Ms. Elaine Hill regarding the written warning as referenced in paragraph 21 herein.

23. On or about July 2004, the Plaintiff request permission from the Defendant for extended leave from August 30, 2004 to October 4, 2005 in order to travel to Nigeria to pursue

adoption proceedings. After much effort on the part of the Plaintiff, this request was ultimately granted.

24. On or about August 27, 2004, the Plaintiff inadvertently printed a document from his email folder on his computer to the common printer, which document was sent from Tatipycaq@dogmail.org to the Plaintiff without his request or permission.

25. As is common, the Plaintiff had past experience with normal and usual receipt of unwanted or un-requested emails, which required routine deletion from his internet explorer email folder.

26. On August 27, 2004, the Plaintiff received a letter from Area Director Ms. Elaine Hill, notifying the Plaintiff that he was assigned home on Administrative Leave with pay pending review of an alleged incident. Plaintiff was told he would be notified under separate cover regarding further action to be taken in this matter.

27. On that same day, August 27, 2004, much to the surprise and bewilderment of the Plaintiff, he was immediately ordered off the premises and told if he did not leave immediately the police would be called to escort him off the premises.

28. On or about August 31, 2004, the Plaintiff retained the services of Attorney Kevin C. Kleister regarding this administrative suspension, indicating the Plaintiff's willingness to participate in the investigation of the circumstances of his suspension and requesting a copy of his employment file.

29. On or about September 2004, the Defendant notified the Plaintiff that he would be suspended without pay, effective October 4, 2004.

30. On or about August 30, 2004, the Plaintiff sought redress from the MCAD for this latest discrimination claim based on retaliation. This action ultimately resulted in a complaint filed in October 2004 against the Defendant.

31. On or about October 12, 2004 Plaintiff sought to file a grievance against the Defendant on the matter of his August 2004 suspension.

32. On or about January 20, 2005, the MCAD determined that is was unable to conclude that the information obtained established a violation of the statute and dismissed the Plaintiff's Complaint.

33. To date, the Plaintiff has not received compensation from the Defendant since May 2005 and for one approximately on month in September 2004.

34. At all times material hereto the Plaintiff had no knowledge of any conduct justifying his termination from employment with the Defendant and has been injured and harmed by the Defendants unlawful conduct.

35. On or about February 285, 2005, the Plaintiff filed his latest grievance against the Defendant for his termination of employment.

36. On or about May 2005, the Plaintiff pursued unemployment benefits and participated in a hearing with the Department of Employment and Training on the issue of his termination and cause thereof.

37. The findings of the hearing officer from the Department of Employment and Training was that the claimant's testimony (Plaintiff) was found to be credible and that it was not established that there was any deliberate misconduct or a violation of any known and uniform enforcement policy by the claimant at or about the time of separation of employment. The records presented showed mostly files which appear to have been opened and deleted at about

the same time, appearing to substantiate the claimant's testimony that they were spam and not sought out. Therefore, the determination was reversed and claimant (Plaintiff) was entitled to benefits.

## COUNT I – RACE DISCRIMINATION

38. Plaintiff repeats the allegations contained in Paragraphs 1 through 37, inclusive of his Complaint.

39. The Plaintiff is an African American and belongs to a racial minority and is therefore a member of a protected class.

40. At all times relevant hereto, the Plaintiff was an employee of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

41. At all times relevant hereto, the Plaintiff met all of the legitimate job requirements of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

42. The Defendant, Commonwealth of Massachusetts Department of Mental Health is a covered employer under applicable federal and state law and subject to the prohibitions against race discrimination.

43. The Defendant, Commonwealth of Massachusetts Department of Mental Health discriminated against the Plaintiff based on his race by taking adverse employment actions against the Plaintiff based on his race which affected the terms and conditions of his employment, namely the Plaintiff was terminated effective on or about May 2005.

44. The Defendant, Commonwealth of Massachusetts Department of Mental Health continues to employ individuals in the same capacity that it employed the Plaintiff, namely as Program Coordinator III.

7

WHEREFORE, the Plaintiff prays that this Honorable Court:

(a) enter judgment for the Plaintiff and restore his employment with the Defendant, Commonwealth of Massachusetts Department of Mental Health and award the Plaintiff compensatory and punitive damages as a result of the Defendant's race discrimination;

(b) award the Plaintiff his litigation costs, including reasonable attorney's fees; and

(c) grant any further relief as this Court may find just and proper.

## COUNT II – COLOR DISCRIMINATION

45. The Plaintiff repeats the allegations contained in Paragraphs 1 through 44, inclusive of his Complaint.

46. The Plaintiff has black skin color and belongs to a minority and is therefore a member of a protected class.

47. At all times relevant hereto, the Plaintiff was an employee of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

48. At all times relevant hereto, the Plaintiff met all of the legitimate job requirements of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

49. The Defendant, Commonwealth of Massachusetts Department of Mental Health is a covered employer under applicable federal and state law and subject to the prohibitions against color discrimination.

50. The Defendant, Commonwealth of Massachusetts Department of Mental Health discriminated against the Plaintiff based on his skin color by taking adverse employment actions against the Plaintiff based on his skin color which affected the terms and conditions of his employment, namely the Plaintiff was terminated effective on or about May 2005.

51. The Defendant, Commonwealth of Massachusetts Department of Mental Health

continues to employ individuals in the same capacity that it employed the Plaintiff, namely as Program Coordinator III.

WHEREFORE, the Plaintiff prays that this Honorable Court:

(a) enter judgment for the Plaintiff and restore his employment with the Defendant, Commonwealth of Massachusetts Department of Mental Health and award the Plaintiff compensatory and punitive damages as a result of the Defendant's color discrimination;

(b) award the Plaintiff his litigation costs, including reasonable attorney's fees; and

(c) grant any further relief as this Court may find just and proper.

## COUNT III – AGE DISCRIMINATION

52. The Plaintiff repeats the allegations contained in Paragraphs 1 through 51, inclusive of his Complaint.

53. The Plaintiff was born on September 3, 1940 and is 65 years old and is therefore a member of the protected class.

54. At all times relevant hereto, the Plaintiff was an employee of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

55. At all times relevant hereto, the Plaintiff met all of the legitimate job requirements of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

56. The Defendant, Commonwealth of Massachusetts Department of Mental Health is a covered employer under applicable federal and state law and subject to the prohibitions against age discrimination.

57. The Defendant, Commonwealth of Massachusetts Department of Mental Health discriminated against the Plaintiff based on his age by taking adverse employment actions against the Plaintiff based on his age which affected the terms and conditions of his employment,

namely the Plaintiff was terminated effective on or about May 2005.

58.     The Defendant, Commonwealth of Massachusetts Department of Mental Health treated other similarly situated employees not in the protected class differently than it treated the Plaintiff, and the Plaintiff was replaced with someone not in the protected class.

59.     The Defendant, Commonwealth of Massachusetts Department of Mental Health continues to employ individuals in the same capacity that it employed the Plaintiff, namely as Program Coordinator III.

WHEREFORE, the Plaintiff prays that this Honorable Court:

(a)     enter judgment for the Plaintiff and restore his employment with the Defendant, Commonwealth of Massachusetts Department of Mental Health and award the Plaintiff compensatory and punitive damages as a result of the Defendant's age discrimination;

(b)     award the Plaintiff his litigation costs, including reasonable attorney's fees; and

(c)     grant any further relief as this Court may find just and proper

## COUNT IV – HANDICAP DISCRIMINATION

60.     The Plaintiff repeats the allegations contained in Paragraphs 1 through 59, inclusive of his Complaint.

61.     In the fall of 2003, the Plaintiff suffered a non-work related injury to his back, requiring medical care for low back pain. The injury sustained by the Plaintiff was a physical impairment which limited one or more of his major life activities.

62.     As a result of the physical impairment suffered by the Plaintiff, he sought and received medical treatment.

63.     In accordance with that medical treatment and pursuant to doctor's orders, the Plaintiff requested an accommodation from the Defendant, Commonwealth of Massachusetts

Department of Mental Health DMH to allow him to work out of an office of DMH closer to his home. In this regard, Plaintiff's Doctor, Richard J. Rubin's, forwarded a letter to the Defendant dated November 24, 2003 outlined the requested accommodation.

64. The Plaintiff was disabled and is therefore a member of a protected class.

65. At all times relevant hereto, the Plaintiff was an employee of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

66. At all times relevant hereto, the Plaintiff was qualified to perform the essential functions of his position and able to meet all of the legitimate job requirements of the Defendant, Commonwealth of Massachusetts Department of Mental Health, with the requested accommodation.

67. The Defendant, Commonwealth of Massachusetts Department of Mental Health is a covered employer under applicable federal and state law and subject to the prohibitions against handicap discrimination.

68. The Defendant, Commonwealth of Massachusetts Department of Mental Health discriminated against the Plaintiff based on his handicap by failing to provide the requested reasonable accommodation and by taking adverse employment actions against the Plaintiff based solely on his handicap which affected the terms and conditions of his employment, namely the Plaintiff was terminated effective on or about May 2005.

69. The Defendant, Commonwealth of Massachusetts Department of Mental Health continues to employ individuals in the same capacity that it employed the Plaintiff, namely as Program Coordinator III.

WHEREFORE, the Plaintiff prays that this Honorable Court:

(a) enter judgment for the Plaintiff and restore his employment with the Defendant, Commonwealth of Massachusetts Department of Mental Health and award the Plaintiff compensatory and punitive damages as a result of the Defendant's handicap discrimination;

(b) award the Plaintiff his litigation costs, including reasonable attorney's fees; and

(c) grant any further relief as this Court may find just and proper.

## COUNT V - RETALIATION

70. The Plaintiff repeats the allegations contained in Paragraphs 1 through 69, inclusive of his Complaint.

71. The Plaintiff has previously filed at least two (2) prior claims of discrimination against the Defendant, Commonwealth of Massachusetts Department of Mental Health with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission for race discrimination based on adverse employment actions, namely being wrongfully denied promotion opportunities.

72. At all times relevant hereto, the Plaintiff was an employee of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

73. At all times relevant hereto, the Plaintiff met all of the legitimate job requirements of the Defendant, Commonwealth of Massachusetts Department of Mental Health.

74. The Defendant, Commonwealth of Massachusetts Department of Mental Health is a covered employer under applicable federal and state law and subject to the prohibitions against retaliation against employees who have filed complaints alleging race discrimination.

75. The Defendant, Commonwealth of Massachusetts Department of Mental Health retaliated against the Plaintiff based on his previous allegations of race discrimination by taking adverse employment actions against the Plaintiff based on his previous race discrimination complaints which affected the terms and conditions of his employment, namely the Plaintiff was terminated effective on or about May 2005.

76. The Defendant, Commonwealth of Massachusetts Department of Mental Health continues to employ individuals in the same capacity that it employed the Plaintiff, namely as Program Coordinator III.

WHEREFORE, the Plaintiff prays that this Honorable Court:

(a) enter judgment for the Plaintiff and restore his employment with the Defendant, Commonwealth of Massachusetts Department of Mental Health and award the Plaintiff compensatory and punitive damages as a result of the Defendant's retaliation;

(b) award the Plaintiff his litigation costs, including reasonable attorney's fees; and

(c) grant any further relief as this Court may find just and proper

THE PLAINTIFF,
IHEANYI D. OKOROAFOR,
BY HIS ATTORNEY

Charles J. Sclafani, Jr.
BBO# 550411

JOHNSON & SCLAFANI
776 Westfield Street
West Springfield, MA  01089
(413) 732-8356

## VERIFICATION

I, Iheanyi D. Okoroafor, do hereby declare that I have read the foregoing Verified Complaint and know the contents thereof. The same is true to my knowledge except to those matters that are alleged on information and belief; as to those matters, I believe them to be true. I declare under pains and penalties of perjury that the foregoing is true and correct and that this declaration was executed on this 31st day of January 2006 in Hampden County, Massachusetts.

DATE: January 31, 2006

_____
Iheanyi D. Okoroafor