

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS OFFICE
OF THE CLERK
1550 MAIN STREET
SPRINGFIELD, MA 01103

AMMENDMENT TO JUNE 26, 2007 MOTION TO REOPEN CLOSED CIVIL CASE NO. 05-CV-30184-MAP UNDER Fed. R. c i v. P. 60 (b)

UNITED STATES FEDERAL DISTRICT OF MASSACHUSETTS

IHEANYI D. OKOROAFOR
PLAINTIFF

V                                               )
                                                )   CASE NO. 05-CV-30184-MAP
                                                )   Motion to reopen case and vacate dismissal.
                                                )
DEPT. OF MENTAL HEALTH AND      )
BRIAN DEVIN PERSONALLY           )
DEFENDANTS                               )

The Plaintiff moves the Court for an order reopening the above-captioned case. The Plaintiff states that:

1. The court entered an order closing the case on June 29, 2006;

2. The Court entered an order of dismissal in this case on June 29, 2006 for the reasons not specified in the letter by the defendants' Attorney, Mr. Jones indicating that the purpose of the letter was to confirm that my Attorney Mr. Sclafani had agreed to dismiss the case in its entirety with prejudice. The contents of this letter do not qualify as a request to to dismiss by Court since there was no formal request to the court for case dismissal neither was there any document signed by my Attorney Mr. Sclafani to confirm his agreement to the matter;

3. The Plaintiff further states the following grounds exist for entry of an order reopening the case under Fed R C i v P 60 (b), which includes, dismissing the case with prejudice since there was no evidence of the existence of any "Settlement Agreement"; misrepresentation of the Plaintiff by his attorney, Attorney Charles Sclafani; and since the Plaintiff was not a party to the so-called "Settlement Agreement", and because of " fraud" committed by the Defendants' Attorney, Mr. Timothy Jones in his misrepresentative claim of Sixty (60) day "Settlement Agreement", I hereby seek relief from the order. Again, because of Inherent right of Court to vacate judgment for fraud is strengthened by subd. (b) of this rule providing that on motion, court may relieve party from final judgment or order for fraud, misrepresentation, or other misconduct of adverse party, the court may relieve party from final judgment or order for fraud, I therefore pray the court to relieve me of the dismissal order.

DENIED.
Michael A. Ponsor USDJ
9-26-07

*[signature]*
Signature of Plaintiff

Iheanyi D. Okonoafor
Print Name